UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CS WIND MALAYSIA SDN. BHD. and<br>CS WIND CORPORATION,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES,<br><br>        Defendant. | Court No. 24-00079 |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, CS Wind Malaysia Sdn. Bhd. ("CS Wind Malaysia") and CS Wind Corporation ("CS Wind Korea") (collectively, "CS Wind" or "Plaintiffs"), by and through their counsel, allege and state as follows:

## JURISDICTION

1. Plaintiffs bring this action pursuant to, and in accordance with, Section 516A(a)(2) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. § 1516a(a)(2)), contesting the final results issued by the U.S. Department of Commerce ("Commerce") in <u>Utility Scale Wind Towers from Malaysia: Final Results of Countervailing Duty Administrative Review; 2021</u>, 89 Fed. Reg. 17,404 (Dep't Commerce Mar. 11, 2024) ("<u>Final Results</u>"), and accompanying Decision Memorandum for the Final Results of the Administrative Review of the Countervailing Duty Order on Utility Scale Wind Towers from Malaysa; 2021 (Dep't Commerce Mar. 5, 2024) ("Final Decision Memo"), as they apply specifically to Plaintiffs. This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

Court No. 24-00079                                                                                       Complaint

## STANDING

2.       Plaintiffs, CS Wind Malaysia and CS Wind Korea, are foreign producers and/or exporters of subject merchandise and/or were respondents in the administrative review that is contested here. Plaintiffs therefore are interested parties within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiffs actively participated in the administrative review through submission of factual information and written argument and, thus, are parties to the proceeding as defined in 19 C.F.R. § 351.102(b)(36). As interested parties that actively participated in the underlying administrative proceeding, Plaintiffs have standing pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3.       The Final Results, which are being challenged herein, were published in the Federal Register on March 11, 2024. See Final Results, 89 Fed. Reg. at 17,404. On April 10, 2024, within 30 days after the publication of the subject Final Results, Plaintiffs filed a Summons to initiate this action. Accordingly, this action was commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(A)(i)(I). This Complaint is being filed within 30 days after the date on which the Summons was filed. Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(B)(iii), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action is timely brought.

## STANDARD OF REVIEW

4.       This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1675(a) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

Court No. 24-00079                                                                                                                Complaint

## PROCEDURAL HISTORY

5. On August 4, 2021, Commerce published in the Federal Register the final countervailing duty ("CVD") order covering utility scale wind towers from Malaysia. See Utility Scale Wind Towers from Malaysia:  Countervailing Duty Order, 86 Fed. Reg. 41,950 (Dep't Commerce Aug. 4, 2021).

6. On August 2, 2022, pursuant to Commerce's notice of opportunity to request an administrative review, CS Wind timely filed a timely request to conduct an administrative review. See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review, 87 Fed. Reg. 47,187, 47,188 (Dep't Commerce Aug. 2, 2022); see also Letter from Trade Pacific PLLC to Sec'y Commerce, re: "Utility Scale Wind Towers from Malaysia – Request for Administrative Review" (Aug. 31, 2022).

7. On October 11, 2022, Commerce initiated the first administrative review of utility scale wind towers from Malaysia covering the period of review ("POR"), i.e., March 25, 2021, through December 31, 2021. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 87 Fed. Reg. 61,278, 61,286 (Dep't Commerce Oct. 11, 2022).

8. On September 7, 2023, Commerce published the preliminary results of the first administrative review in which it calculated a preliminary countervailable subsidy rate of 10.96 percent for Plaintiffs. See Utility Scale Wind Towers from Malaysia:  Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review, 2021, 88 Fed. Reg. 61,516, 61,517 (Dep't Commerce Sept. 7, 2023) ("Preliminary Results"), and accompanying "Decision Memorandum for the Preliminary Results of the Countervailing Duty Administrative Review, 2021:  Utility Scale Wind Towers from Malaysia" (Aug. 30, 2023).

9. On January 12, 2024, Plaintiffs and the petitioner submitted case briefs for Commerce's consideration prior to issuing the <u>Final Results</u>. In its case brief, CS Wind made various arguments for Commerce's consideration, including that: (a) Commerce should allocate any countervailable benefits over CS Wind Korea's sales of subject merchandise produced by CS Wind Malaysia during the POR and grant an entered value adjustment ("EVA"); (b) Commerce should not calculate any countervailable benefits for the Licensed Manufacture Warehouse ("LMW") program; (c) Commerce should select Turkish Energy Market Regulatory Board of Turkey electricity pricing data rather than Singapore electricity data published by the Department of Statistics of Singapore to measure the adequacy of remuneration of CS Wind Malaysia's electricity purchases; and (d) Commerce should select industrial land pricing data published by the Malaysia Investment Development Authority ("MIDA") to value the adequacy of remuneration of CS Wind Malaysia's rental of industrial land located in Pahang state.

10. On January 22, 2024, Plaintiffs and the petitioner submitted rebuttal briefs.

11. On February 15, 2024, Commerce conducted a public hearing with legal representatives of Plaintiffs and the petitioner in attendance.

12. On March 11, 2024, Commerce published the <u>Final Results</u> of the first administrative review of the countervailing order on utility scale wind towers from Malaysia in which it calculated net countervailable subsidy rate as 10.72 percent for Plaintiffs. <u>See</u> <u>Final Results</u>, 89 Fed. Reg. at 17,404.

13. In the <u>Final Results,</u> Commerce continued to deny CS Wind an EVA, and it continued to allocate countervailable benefits over CS Wind Malaysia's free-on-board sales values. <u>See</u> Final Decision Memo at 9–11.

14. In the Final Results, Commerce continued to find that CS Wind received countervailable benefits under the LMW import duty exemption program. Id. at 34–36.

15. In the Final Results, Commerce continued to calculate the benchmark to value the adequacy of remuneration of electricity consumed by CS Wind Malaysia during the POR using 2021 electricity tariffs from Singapore obtained from the Department of Statistics of Singapore as a Tier Three benchmark. Id. at 39–41.

16. In the Final Results, Commerce calculated the benchmark to value the adequacy of remuneration of industrial land rented by CS Wind during the POR using an average of industrial land pricing published by MIDA and the rental price for a single parcel of industrial land located in Penang, published by C.B. Richard Ellis. Id. at 20–22.

## ISSUES PRESENTED BY THE ACTION AND PLAINTIFFS' STATEMENT OF CLAIMS

17. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's Final Results in its CVD administrative review are not supported by substantial evidence, and are otherwise not in accordance with law.

## COUNT ONE

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. Commerce's failure to calculate the net countervailable subsidy rate for CS Wind by allocating countervailable subsidies over CS Wind Korea's relevant sales denominators for each subsidy program under review, and to deny CS Wind an EVA, despite record evidence establishing that Plaintiffs' sales of subject merchandise met all of Commerce's criteria for granting an EVA, was unreasonable, unsupported by substantial record evidence, and otherwise not in accordance with law.

## COUNT TWO

20.     Paragraphs 1 through 19 are incorporated herein by reference.

21.     Commerce's determination to continue to calculate countervailable benefits based on the full value of duty import duty exemptions under the LMW program is contrary to law and not supported by substantial evidence.  The requirement in 19 C.F.R. § 351.519 that the Government of Malaysia must demonstrate that it has a system in place to verify that all imported inputs are consumed in the production of exported merchandise and in what amounts, or else Commerce will presume that a countervailable benefit is conferred by the amount of import duties that would otherwise be due, was unreasonable, as applied in this administrative review, and otherwise contrary to law.

22.     Commerce's application of 19 C.F.R. § 351.519 to find and calculate a countervailable benefit for the LMW program—despite uncontroverted record evidence that CS Wind Malaysia could not have received countervailable benefits under this program because CS Wind Malaysia recorded only export sales during the POR—was unsupported by substantial evidence and not in accordance with law.  Commerce unreasonably and unlawfully concluded that a company that only recorded export sales, except for a tiny amount of scrap sales, received countervailable benefits from excess exemptions of import duties.

## COUNT THREE

23.     Paragraphs 1 through 22 are incorporated herein by reference.

24.     Commerce's calculation of the benchmark to measure the adequacy of remuneration of CS Wind's electricity purchases using 2021 electricity tariffs from Singapore obtained from the Department of Statistics of Singapore, despite evidence that Singaporean

electricity prices are not comparable to those of Malaysia, was unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT FOUR

25.     Paragraphs 1 through 24 are incorporated herein by reference.

26.     Commerce's calculation of the benchmark to measure the adequacy of remuneration of CS Wind's rental of industrial land using a simple average of data published by of C.B. Richard Ellis for industrial land in Penang and average industrial land in Pahang, as contained in data published by MIDA, was unsupported by substantial evidence and otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

27.     For the reasons stated above, Plaintiffs respectfully request that the Court:

(a)     enter judgment in Plaintiffs' favor;

(b)     declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c)     remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of the margin for CS Wind; and

(d)     provide such other relief as the Court deems just and proper.

**Court No. 24-00079**                                                                 **Complaint**

                                            Respectfully submitted,

                                            /s/ Jarrod M. Goldfeder
                                            Jarrod M. Goldfeder
                                            Kenneth N. Hammer
                                            Sezi Erdin

                                            **TRADE PACIFIC PLLC**
                                            700 Pennsylvania Avenue, SE
                                            Suite 500
                                            Washington, DC  20003
                                            Tel:  (202) 223-3760
                                            jgoldfeder@tradepacificlaw.com

Dated:  May 1, 2024                        Counsel for Plaintiffs

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**CS Wind Malaysia Sdn. Bhd and CS Wind Corp. v. United States, Court No. 24-00079**

**CERTIFICATE OF SERVICE**

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I, Jarrod M. Goldfeder, hereby certify that on this 1st day of May, 2024, copies of the foregoing Complaint were served by certified mail, return receipt requested, on the following parties:

**On behalf of The United States of America:**

| | |
|---|---|
| Attorney-in-Charge<br>U.S. DEPARTMENT OF JUSTICE<br>International Trade Field Office<br>Commercial Litigation Branch - Civil Division<br>26 Federal Plaza – Room 346<br>New York, NY 10278 | Isabelle Aubrun, Esq.<br>Commercial Litigation Branch – Civil Division<br>U.S. DEPARTMENT OF JUSTICE<br>1100 L Street, NW<br>Room 12124<br>Washington, DC 20530 |
| General Counsel<br>U.S. DEPARTMENT OF COMMERCE<br>14th Street & Constitution Avenue, NW<br>Room 5875<br>Washington, DC 20230 | Chief Counsel<br>Office of the Chief Counsel for Trade Enforcement & Compliance<br>U.S. DEPARTMENT OF COMMERCE<br>14th Street and Constitution Ave., NW<br>Room 3622<br>Washington, DC 20230 |

**On other counsel that represented interested parties before the U.S. Department of Commerce in the contested determination:**

| | |
|---|---|
| Laura El-Sabaawi, Esq.<br>WILEY REIN LLP<br>2050 M Street, NW<br>Washington, DC 20036<br>Email: lel-sabaawi@Wiley.Law.com | Sabariah Ghazali, Esq.<br>EMBASSY OF MALAYSIA<br>3516 International Court, NW<br>Washington, DC 20008<br>Email: sabariahghazali@miti.gov.my |

/s/ Kenneth N. Hammer
Kenneth N. Hammer
TRADE PACIFIC PLLC